In re Petition for DISCIPLINARY ACTION AGAINST David GRONBECK, an Attorney at Law of the State of Minnesota.

No. C4–94–1162.

Supreme Court of Minnesota.

July 26, 2001.

## ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent David Gronbeck, committed professional misconduct warranting public discipline, namely, failing to timely file an appeal on behalf of his clients in a class action matter, failing to keep his clients advised of the status of that matter, failing to timely provide an accounting and refund of funds received from the class action clients, and failing to cooperate with the disciplinary proceedings, in violation of Minn. R. Prof. Conduct 1.3, 1.4, 1.15(c), 1.16(d), and 8.1(a)(3), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, RLPR, and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a public reprimand and two years probation and payment of $900 in costs and disbursements pursuant to Rule 24, RLPR. The parties recommend that respondent's probation be subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Misconduct.

c. Respondent shall maintain within his office systems for regular and timely review of client files to ensure that deadlines are being met and that matters are proceeding with the required diligence. Such systems shall include procedures to ensure that clients are kept regularly informed of the progress of their matters, responses to telephone inquiries are promptly made, and appropriate accountings are provided to clients. Respondent shall provide an outline of such procedures to the Director within thirty days following the adoption of this stipulation by the Minnesota Supreme Court.

d. Respondent shall maintain law office and trust account books and records in compliance with Rule 1.15, MRPC, and LPRB Amended Opinion No. 9. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips and bank reports of interest, service charges and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director upon request throughout the term of this probation.

IT IS HEREBY ORDERED that respondent David Gronbeck is publicly reprimanded and placed on probation for a period of two years subject to the agreed-upon conditions set forth above. Respon-

dent shall pay $900 in costs and disbursements under Rule 24, RLPR.

BY THE COURT

Paul H. Anderson

Associate Justice